IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HAROLD LeROY McCRAY        §
                          §
        Petitioner,        §
                          §
VS.                        §
                          §        NO. 3-12-CV-0767-L-BD
RICK THALER, Director      §
Texas Department of Criminal Justice,   §
Correctional Institutions Division      §
                          §
        Respondent.        §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Harold LeRoy McCray, a Texas prisoner, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be

dismissed without prejudice pending review by a three-judge panel of the court of appeals, and

petitioner should be sanctioned $100.00 for his continued abuse of the judicial system.

I.

In 2004, petitioner was convicted of aggravated assault with a deadly weapon and sentenced

to 27 years confinement.  His conviction and sentence were affirmed on direct appeal.  *McCray v.

State*, No. 05-04-00967-CR, 2005 WL 1983586 (Tex. App.--Dallas, Aug. 18, 2005, no pet.).

Petitioner also challenged his conviction on collateral review in state and federal court.  One state

writ was dismissed because a direct appeal was pending.  *Ex parte McCray*, WR-18,030-07 (Tex.

Crim. App. Jan. 12, 2005).  Two state writs were denied without written orders.  *Ex parte McCray*,

WR-18,030-08 (Tex. Crim. App. Oct. 4, 2006); *Ex parte McCray*, WR-18,030-09 (Tex. Crim. App.

May 2, 2007).  Six other state writs were dismissed for abuse of the writ.  *Ex parte McCray*, WR-

18,030-10 (Tex. Crim. App. Jul. 11, 2007), *cert. denied*, 128 S.Ct. 626 (2007); *Ex parte McCray*, WR-18,030-11 (Tex. Crim. App. Sept. 12, 2007); *Ex parte McCray*, WR-18,030-12 (Tex. Crim. App. Dec. 19, 2007); *Ex parte McCray*, WR-18,030-13 (Tex. Crim. App. Jul. 30, 2008), *cert. denied*, 129 S.Ct. 602 (2008); *Ex parte McCray*, WR-18,030-14 (Tex. Crim. App. Nov. 19, 2008); *Ex parte McCray*, WR-18,030-15, 2012 WL 667943 (Tex. Crim. App. Feb. 29, 2012). One federal writ was denied on the merits. *McCray v. Quarterman*, No. 3-07-CV-0940-D, 2007 WL 2873440 (N.D. Tex. Oct. 2, 2007). Two federal writs were dismissed as successive. *See McCray v. Quarterman*, No. 3-08-CV-0588-G, 2008 WL 1904418 (N.D. Tex. Apr. 29, 2008); *McCray v. Quarterman,* No. 3-08-CV-1691-M, 2008 WL 5050155 (N.D. Tex. Nov. 24, 2008).[1]

Undeterred, petitioner now argues that he is actually innocent of the underlying offense because he acted in self defense. Before addressing this claim, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A claim presented in a second or successive application under section 2254 must be dismissed unless:

> (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[1] Petitioner filed two other federal writs that were dismissed without prejudice for failure to exhaust state remedies. *McCray v. Dretke*, No. 3-05-CV-1160-D, 2006 WL 1882007 (N.D. Tex. Jul. 7, 2006); *McCray v. Quarterman*, No. 3-06-CV-2003-M, 2007 WL 707340 (N.D. Tex. Mar. 8, 2007).

(B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  That determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court.  *Id.* § 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.  Petitioner must obtain such an order before this case is filed.

III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such power is the authority to levy sanctions in response to abusive litigation practices.  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).  Appropriate sanctions may include monetary sanctions and restrictions on the ability to file future lawsuits without leave of court.  *See id.* (citing cases).

In dismissing his last federal writ, the court warned petitioner that "if he files another successive habeas petition without first obtaining leave from the Fifth Circuit Court of Appeals, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court." *McCray v. Quarterman*, No. 08-CV-1691-M (N.D. Tex. Nov. 24, 2008) (Doc. #8). Petitioner has ignored that warning by filing yet another federal writ challenging his aggravated assault conviction without obtaining prior approval from the court of appeals. In order to deter such conduct in the future, petitioner should be sanctioned $100.00.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals. His motion to proceed *in forma pauperis* should be denied. In addition, petitioner should be sanctioned $100.00 and barred from filing any habeas actions in federal court until this sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED:  March 15, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE