**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HAROLD LeROY MCRAY,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-767-L-BD** |
| | § | |
| **RICK THALER,** Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Harold LeRoy McCray's ("Petitioner") application for writ of habeas corpus, filed March 13, 2012, pursuant to 28 U.S.C. § 2254.  The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 15, 2012, recommending that the habeas application be dismissed with prejudice pending review by a three-judge panel of the court of appeals, and Petitioner be sanctioned in the amount of $100 for his continued abuse of the judicial system.

Petitioner filed a response on March 27, 2012, contending that he has exhausted his state remedies; however, he fails to address the magistrate judge's conclusion that he filed yet another federal writ challenging his aggravated assault conviction without first obtaining approval from the court of appeals.  Moreover, as noted in the Report, Petitioner was previously warned that he would be subject to sanctions if he filed another successive habeas petition without first obtaining leave from the Fifth Circuit Court of Appeals.  The court therefore **overrules** Petitioner's objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **denies** Harold LeRoy McCray's application for writ of habeas corpus, **dismisses** this action **with prejudice**, and imposes **sanctions** against Petitioner in the amount of **$100**, that shall be due and payable to the clerk of the court by **May 30, 2012.**  This amount may be paid in increments but the full amount must be paid by May 30, 2012.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

  (a)   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

  (b)   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 30th day of March, 2012.

Sam A. Lindsay
United States District Judge